UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THERESA M. RAINEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2283** |
| **JAMES ROGERS, WARDEN** | **SECTION "C"(2)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.      FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Theresa M. Rainey, is incarcerated in the Louisiana Correctional Institute for Women in St. Gabriel, Louisiana.[2] On January 4, 1999, Rainey was charged in a St. Tammany Parish bill of information with one count of unauthorized entry of an inhabited dwelling.[3] The bill was amended on August 14, 2000, to add one count of simple burglary of an inhabited dwelling.[4] The Louisiana First Circuit Court of Appeal summarized the facts determined at trial as follows:

> Count I
> On December 2, 1998, Myra Strahan arrived at her Folsom, Louisiana mobile home about 9:00 p.m. She noticed that the living room night light was on even though she had turned the lights off before she left her home. When she exited her vehicle she noticed that the glass pane of her front door was busted. She entered the home and turned on the bathroom light. She noticed broken glass on the floor. Strahan had previously agreed to call her father as soon as she made it home in order to let him know that she arrived safely. She immediately went down the hall to her telephone to call her father.
> As Strahan was making the call to her father she heard a noise in the house and noticed that the door was unlatched. She informed her father that she believed an intruder was in the home. Strahan exited the home and starting walking outside around the home. Within minutes, Strahan's parents arrived at her home. Her parents went into the back door of the mobile home to look for the intruder. As Strahan walked to the front of the home, she observed the defendant walking from the other side of the home. The defendant is Strahan's sister-in-law because of her marriage to Strahan's brother. The defendant informed Strahan that she had gone into

---

[2]Rec. Doc. No. 4.

[3]St. Rec. Vol. 1 of 4, Bill of Information, 1/4/99.

[4]Id, handwritten amendment dated 8/14/00.

2

her home to use her telephone. However, when Strahan arrived home the defendant was not near the only phone located in the mobile home but was in another part of the home. At some point Strahan contacted the police and they arrested the defendant.

### Count II

During the trial, witnesses testified that the defendant was seen walking outside of Strahan's home once again on November 15, 1999. Strahan's aunt informed her that the defendant had been on her property while she was away from home. Strahan immediately called the police when realized things were missing. Items taken from the mobile home included a tent bag and coins worth $500.00.

State v. Rainey, 810 So.2d 581 (La. App. 5th Cir. 2001) (Table); State Record Volume 3 of 4, Louisiana First Circuit Opinion, 2001-KA-0459, pp. 2-3, December 28, 2001.

Rainey was tried before a jury on August 14 and 16, 2000, and found guilty as charged.[5] The State filed a multiple offender bill on August 23, 2000, charging Rainey as a fourth felony offender.[6] At a hearing on October 9, 2000, the state trial adjudicated Rainey a fourth felony offender as to the simple burglary.[7] After waiver of sentencing delays, Rainey was sentenced on October 9, 2000, as to count one to three (3) years in prison at hard labor and on count two as a fourth felony offender to thirty (30) years in

---

[5]St. Rec. Vol. 1 of 4, Trial Minutes, 8/14/00; Trial Minutes, 8/16/00; Jury Verdict (Count One), 8/16/00; Jury Verdict (Count Two), 8/16/00; Trial Transcript, 8/14/00; Trial Transcript, 8/16/00; St. Rec. Vol. 2 of 4, Trial Transcript (continued), 8/16/00.

[6]St. Rec. Vol. 1 of 4, Multiple Bill, 8/23/00; Minute Entry, 8/25/00.

[7]St. Rec. Vol. 1 of 4, Multiple Bill Hearing Minutes, 10/9/00; St. Rec. Vol. 2 of 4, Multiple Bill Hearing Transcript, 10/9/00.

prison at hard labor with the first year to be served without parole, the sentences to run concurrently.[8] The court later denied Rainey's motion to reconsider the sentence.[9]

On direct appeal to the Louisiana First Circuit, Rainey's appointed counsel asserted two errors:[10] (1) Defense counsel was ineffective for failing to file a motion to reconsider the sentence or object to the severity of the sentence. (2) The simple burglary sentence was unconstitutionally excessive and illegal because it exceeded the statutory maximum. The court affirmed the convictions and sentences on December 28, 2001, finding factual error in the arguments and no merit in the claims.[11]

Rainey's conviction became final thirty (30) days later, on Monday, January 28, 2002,[12] when she did not seek rehearing or file timely for review in the Louisiana Supreme Court. Butler v. Cain, 533 F.3d 314 (5th Cir. 2008) (citing Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003) (an appeal is final when the state defendant does not timely proceed to the next available step in an appeal process)).

---

[8]St. Rec. Vol. 1 of 4, Multiple Bill Hearing Minutes, 10/9/00; St. Rec. Vol. 2 of 4, Multiple Bill Hearing Transcript, pp. 18-19, 10/9/00.

[9]St. Rec. Vol. 1 of 4, Trial Court Order, 10/23/00; Motion to Reconsider Sentence, 10/20/00.

[10]St. Rec. Vol. 4 of 4, Appeal Brief, 2001-KA-0459, 3/27/01.

[11]Rainey, 810 So.2d at 581; St. Rec. Vol. 3 of 4, 1st Cir. Opinion, 2001-KA-0459, 12/28/01.

[12]The thirtieth day was Sunday, January 27, 2002, leaving the final day to fall on the next non-holiday day, Monday, January 28, 2002. La. Code Crim. P. art. 13; Fed. R. Civ. P. 6(a)(1)(C).

Rainey later filed an untimely[13] writ application in the Louisiana Supreme Court, which the court denied on January 31, 2003, for seeking prohibited post-conviction review of sentencing errors, citing La. Code Crim. P. art. 930.3 and State ex rel. Melinie v. State, 665 So.2d 1172 (La. 1996).[14] The supreme court also denied Rainey's request for rehearing on March 28, 2003.[15]

Almost eleven (11) months later, and more than two years after her conviction was final, on February 13, 2004, Rainey signed and submitted an application for post-conviction relief to the state trial court in which she asserted three grounds for relief:[16] (1) The offenses were not properly joined in the bill of information or for trial. (2) The verdict was ambiguous because the six-person jury was not polled to assure that the verdict was unanimous. (3) She was denied effective assistance of counsel because trial counsel failed to object to trial by a six-person jury on count two, which called for trial by a twelve-person jury, and failed to have the jury polled; and appellate counsel failed to request review for errors patent, which would have disclosed the jury size error. The

---

[13]La. S. Ct. Rule X §5 allows thirty (30) days to file for review in the Louisiana Supreme Court. Rainey's pleading was dated February 6, 2002, eight days after the thirty-day period expired on January 28, 2002.

[14]State ex rel. Rainey v. State, 836 So.2d 64 (La. 2003); St. Rec. Vol. 3 of 4, La. S. Ct. Order, 2002-KH-0585, 1/31/03; La. S. Ct. Writ Application, 02-KH-535, 2/18/02 (dated 2/6/02).

[15]State ex rel. Rainey v. State, 840 So.2d 559 (La. 2003); St. Rec. Vol. 4 of 4, La. S. Ct. Order, 2002-KH-0535, 3/28/03; Application for Rehearing, 02-KH-0535, 3/13/03.

[16]St. Rec. Vol. 3 of 4, Uniform Application for Post-Conviction Relief, 2/20/04 (dated 2/13/04).

state trial court denied the application on March 4, 2004, on grounds that Rainey had been tried by a twelve person jury plus one alternate.[17]

More than one year later, in May 2005, Rainey sought review of the order in the Louisiana First Circuit, and the court denied the writ application without stated reasons on August 8, 2005.[18] The Louisiana Supreme Court also denied her related writ application on June 16, 2006, for seeking untimely post-conviction review, citing La. Code Crim. P. art. 930.8 and State ex rel. Glover v. State, 660 So.2d 1189 (La. 1995).[19]

In the meantime, Rainey's trial counsel filed an application for post-conviction relief on June 24, 2005, arguing that her enhanced sentence was unconstitutional because the State failed to give proper notice, provide a jury trial on the sentence enhancement, or establish her guilt on the multiple bill beyond a reasonable doubt, and invoked a sentence that was not responsive to the original charge and which was beyond the statutory maximum.[20] The state trial court denied relief on July 15, 2005, finding no merit in the claims.[21] The supreme court also noted that Rainey had presented similar

---

[17]St. Rec. Vol. 3 of 4, Trial Court Order, 3/4/04.

[18]St. Rec. Vol. 3 of 4, 1st Cir. Order, 2005-KW-1179, 8/8/05; 1st Cir. Writ Application, 2005-KW-1179, 5/31/05.

[19]State ex rel. Rainey v. State, 929 So.2d 1283 (La. 2006); La. S. Ct. Writ Application, 06-KH-0091, 1/12/06; St. Rec. Vol. 3 of 4, La. S. Ct. Letter, 2006-KH-91, 1/12/06 (showing postmark 9/6/05).

[20]St. Rec. Vol. 3 of 4, Uniform Application for Post-Conviction Relief, 6/24/05.

[21]St. Rec. Vol. 3 of 4, Reasons for Judgment and Judgment, 7/15/05.

arguments in prior post-conviction pleadings which, at the time, were still pending in a writ application before the Louisiana First Circuit.[22]  Neither Rainey nor her counsel sought review of this ruling.

Many years later, on April 9, 2014, Rainey submitted a motion for reduction or amendment of her sentence to the state trial court arguing that the sentence exceeded the statutory maximum for the crime charged.[23]  The court denied the motion as repetitive of previously resolved matters.[24]  On June 24, 2014, Rainey submitted to the state trial court another similar motion to correct her sentence.[25]  The court summarily denied the motion on July 1, 2014.[26]  Rainey did not seek review of this ruling.

II.     FEDERAL HABEAS PETITION

On October 9, 2014, the clerk of this court filed Rainey's petition for federal habeas corpus relief.  Construing her pleadings broadly, she asserts the following grounds for relief:[27] (1) Her continued incarceration constitutes a miscarriage of justice because of the illegally excessive sentence imposed by the state trial court. (2) She

---

[22]Id.

[23]St. Rec. Vol. 3 of 4, Motion for Reduction/Amendment of Sentence, 4/10/14 (dated 4/9/14); see also Motion for Reduction/Amendment of Sentence, 4/11/14 (dated 4/9/14), not addressed as duplicate of first motion, Trial Court Ruling, 4/11/14.

[24]St. Rec. Vol. 3 of 4, Reasons for Judgment and Judgment, 4/24/14.

[25]St. Rec. Vol. 3 of 4, Motion to Correct Illegal Sentence, 6/26/14 (dated 6/24/14).

[26]St. Rec. Vol. 3 of 4, Trial Court Order, 7/1/14.

[27]Rec. Doc. No. 4, pp. 22-23, 24-25, 27, 31, 32-36.

received ineffective assistance of counsel because her attorney failed to advise her of the applicable sentencing range and the possibility of enhancement by the filing of a multiple offender bill after the jury trial, allowed her to be fingerprinted without objection before the multiple bill hearing, failed to object to or question the State's fingerprint expert, allowed the state trial court to impose an excessive and ambiguous sentence, failed to require the State to disclose her prior criminal records before taking her fingerprints and allowed the State to introduce insufficient evidence at the multiple bill hearing. (3) She was tried by a six person jury when she was entitled to a jury of twelve. (4) She received an excessive sentence above the statutory maximum that was erroneously calculated by the state trial court and was abuse of the judge's discretion. (5) The state trial court imposed an ambiguous sentence which has resulted in its improper interpretation and execution by the Louisiana Department of Corrections.

      The State filed an answer and memorandum in opposition to Rainey's federal petition arguing that it should be dismissed as <u>un</u>timely.[28] Alternatively, the State argues that Rainey did not fully exhaust available state court and state administrative remedies, some of her claims are in procedural default, and two of the potentially exhausted claims

---

[28]Rec. Doc. Nos. 15, 16.

are without merit. In her reply, Rainey repeats her argument that a miscarriage of justice will continue to occur if this federal court does not correct her sentence.[29]

### III.   GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[30] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Rainey's petition, which, for reasons discussed below, is deemed filed in this court on September 30, 2014.[31]

---

[29] Rec. Doc. No. 17.

[30] The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[31] The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Rainey did not date her signature on the form petition received by the clerk of court on October 2, 2014. However, accompanying the petition and memorandum was her cover letter dated September 30, 2014. Rec. Doc. No. 1 p. 14; Rec. Doc. No. 4, p. 14. Affording her every benefit of the record, this is the earliest date appearing in the record on which she could have submitted the pleadings to the prison officials for mailing to the court. The fact that she later paid the filing fee does not alter the application of the federal mailbox rule to his pro se petition. See Cousin, 310 F.3d at 847.

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether petitioner's claims were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)). The State has asserted the defenses of untimeliness, failure to exhaust and procedural default, all of which are well-founded. Because the record clearly confirms that Rainey's federal petition was not timely filed, it should be dismissed for that reason without need for further discussion of the other defenses.

IV.   STATUTE OF LIMITATIONS

The AEDPA requires a petitioner to bring his Section 2254 petition in most cases within one year of the date his conviction became final.[32] Duncan v. Walker, 533 U.S.

---

[32] The statute of limitations provision of the AEDPA at 28 U.S.C. § 2244(d), provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
- A.   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
- B.   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
- C.   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
- D.   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be

167, 179-80 (2001). Rainey's conviction was final on January 28, 2002, when she did not timely file a writ application with the Louisiana Supreme Court after her direct appeal. I reiterate that, pursuant to La. S. Ct. Rule X §5, Rainey had thirty (30) days after the Louisiana First Circuit affirmed her convictions and sentences on December 28, 2001, or until January 28, 2002, to file a timely writ application with the Louisiana Supreme Court. She did not sign and submit her writ application to that court until February 6, 2002, which was outside the allowable time period under state law. Under federal law, this writ application presented untimely under La. S. Ct. R. X §5 <u>cannot</u> be considered in the finality or limitations calculation. <u>See</u> <u>Butler</u>, 533 F.3d at 317, 319 (La. S. Ct. R. X§5(a) forbids any extension of time); <u>Williams v. Cain</u>, 217 F.3d 303, 309-11 (5th Cir. 2000) (same).

Therefore, under a literal application of Section 2244, Rainey had one year from finality of her conviction, or until January 28, 2003, to file her federal habeas corpus petition, which she did not do. Her petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only

---

counted toward any period of limitation under this subsection.

when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. Pace, 544 U.S. at 418-19; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

Rainey has asserted no reason, and I can find none, that might constitute rare or exceptional circumstances why the one-year statute of limitations period should be considered equitably tolled in his case. The record does not demonstrate the type of circumstances that might fit the restrictive boundaries of "exceptional circumstances" described in binding precedent. See Holland v. Florida, 560 U.S. 631, 651-54 (2010) (equitable tolling would be warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests timely to file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner

diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings.

Flanagan, 154 F.3d at 199 n.1.  The Supreme Court has clearly described this provision as a tolling statute.  Duncan, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period.  Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing.  Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams, 217 F.3d at 306-307 n.4 (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000).  The timeliness consideration in Louisiana, for

purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings filed by a prisoner. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, No. 99-3364, 2001 WL 995164, at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005). Requests for document and transcript copies, like those submitted by this petitioner in the state courts, also are not other collateral review for purposes of the tolling calculation. Osborne v. Boone, 176 F.3d

15

489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); Brown v. Cain, 112 F. Supp.2d 585, 587 (E.D. La. 2000), aff'd, 239 F.3d 365 (5th Cir. 2000); Gerrets v. Futrell, No. 01-3080, 2002 WL 63541 (E.D. La. Jan. 16, 2002) (Vance, J.); Jones v. Johnson, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); Grayson v. Grayson, 185 F. Supp.2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling).

In Rainey's case, the AEDPA one-year statute of limitations period began to run on January 29, 2002, the day after her state conviction became final under federal law, and continued to do so without interruption for one year, until January 28, 2003, when it expired. Rainey had no properly filed state court application for post-conviction relief or other collateral review pending in any of the state courts during that period.

As discussed above, the untimely writ application to the Louisiana Supreme Court in 2002 did not impact the federal limitations calculation. Butler, 533 F.3d at 317, 319. In addition, Rainey's first application for post-conviction relief was not submitted to the state trial court for filing until February 13, 2004. This application, filed more than one year after expiration of the AEDPA one-year statute of limitations, also provides no tolling benefit under the statute. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000). In addition, Rainey allowed an additional period of more than seven (7) years lapse

16

between 2006 and 2014, during which she had no pending state or federal court proceedings of any kind concerning her conviction and sentence.

In all, the record reflects that Rainey allowed more than 4,600 days to lapse without benefit of tolling after finality of her conviction on January 28, 2002, and before filing this federal petition on September 30, 2014. Therefore, her federal petition was filed more than eleven and one-half (11½) years after the AEDPA's one-year statute of limitations expired on January 28, 2003. Under any conceivable time calculation, Rainey's federal petition was not timely filed and must be dismissed with prejudice for that reason.

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Rainey's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v.

United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[33]

          New Orleans, Louisiana, this \_\_\_\_4th\_\_\_\_ day of May, 2015.

                                        JOSEPH C. WILKINSON, JR.
                                  UNITED STATES MAGISTRATE JUDGE

---

[33]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.